IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**JEREMY GUSLOFF**,
individually and on behalf of
all those similar situated,

                                                                                           Case No. 21-cv-662

                Plaintiff,

   v.

**QUINCY BIOSCIENCE HOLDING COMPANY, INC.**
726 Heartland Trail, Suite 300
Madison, Wisconsin 53717

                Defendant.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Individual and Representative Plaintiff, Jeremy Gusloff ("Plaintiff"), on his own behalf and on behalf of the proposed classes identified below. Plaintiff and the putative class members, during the three years preceding this lawsuit, were employed as sales representatives by Defendant, Quincy Bioscience Holding Company, Inc. In this role, Plaintiff and the putative class members made sales over the phone. Plaintiff and the putative class members were paid an hourly wage and were also eligible for nondiscretionary commissions and bonuses based on their sales. Plaintiff and the putative class members were paid overtime wages when they worked in excess of 40 hours in a workweek. However, Defendant failed to properly calculate the regular rate of pay

when determining overtime wages. Specifically, Defendant failed to include commission payments in its computation of the regular rate for overtime pay to Plaintiff and the putative class members. As a result, Plaintiff and the putative class members were regularly denied earned overtime wages. Plaintiff, on behalf of himself and the putative classes, alleges that this conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109.01 *et seq.*

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FLSA, 29 U.S.C. § 201 *et seq.* The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant resides in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff, Jeremy Gusloff, is an adult resident of Ridgeway, Wisconsin. Gusloff was employed as a sales representative by Defendant within the past three years. Gusloff's signed consent form is filed as Exhibit A to this Complaint and is incorporated herein by reference.

5. Defendant, Quincy Bioscience Holding Company, Inc., is a domestic business corporation. Its principal office address is located at 726 Heartland Trail,

Suite 300, Madison, Wisconsin. Its registered agent for service is Anthony J. Cords at 726 Heartland Trail, Suite 300, Madison, Wisconsin.

6. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant is an employer within the meaning of 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

## FACTUAL ALLEGATIONS

7. Throughout the three years preceding the filing of this lawsuit, Plaintiff and the putative class members (the "Sales Representatives") are or were employed by Defendant as sales representatives.

8. Throughout the three-year period preceding the filing of this lawsuit, Plaintiff and the Sales Representatives were classified by Defendant as non-exempt from overtime wages.

9. Throughout the three-year period preceding the filing of this lawsuit, Plaintiff and the Sales Representatives were paid an hourly wage for their work.

10. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the Sales Representatives were eligible to earn commissions and bonuses.

11. Defendant calculated the amounts of these commissions and bonuses based on Plaintiff's and the Sales Representatives' sales using standard formulas that Defendant made known to Plaintiff and the Sales Representatives.

12. Defendant promised in advance to pay these commissions and bonuses to Plaintiff and the Sales Representatives as an incentive to increase their sales.

13. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the Sales Representatives were paid overtime wages when they worked in excess of 40 hours in a workweek.

14. Upon information and belief, Defendant failed to include commissions or bonuses earned by Plaintiff and the Sales Representatives when calculating the overtime premium due for hours worked in excess of 40 in a workweek, instead calculating the overtime rate as one and one-half times the hourly rate of pay and depriving Plaintiff and the Sales Representatives of all earned overtime wages.

15. Plaintiff brings this action on behalf of himself and on behalf of all other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The Collective Class of similarly-situated employees is defined as:

> All persons who have been or are currently employed by Quincy Bioscience Holding Company, Inc., as sales representatives in the United States who received commission or bonus payments and who worked more than 40 hours per workweek at any time from three years prior to the commencement of this action to the present and ongoing.

16. Plaintiff brings this action on behalf of himself and on behalf of all other similarly-situated employees pursuant to Fed. R. Civ. P. 23. The Wisconsin Overtime Class is defined as:

> All persons who have been or are currently employed by Quincy Bioscience Holding Company, Inc., as sales representatives in Wisconsin who received commission or bonus payments and who worked more than 40 hours per workweek at any time from two years prior to the commencement of this action to the present and ongoing.

## CLASS ALLEGATIONS

17. Plaintiff brings the Second Claim for Relief on his own behalf and on behalf of the Wisconsin Overtime Class, as defined in paragraph 14, *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

18. The persons in the Wisconsin Overtime Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 Sales Representatives within the two years preceding the filing of this Complaint.

19. There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and predominate over any questions solely affecting individual members of the class, including but not limited to:

   a. Whether Defendant excluded commissions and/or bonus payments when calculating the regular rate of pay for Plaintiff and the members of the putative class;

   b. Whether Defendant's exclusion of commission and/or bonus payments when calculating the regular rate of pay for Plaintiff and the members of the putative class was dilatory or otherwise unjust; and

   c. The proper measure of damages sustained by Plaintiff and the members of the putative class.

20. Plaintiff's claims are typical of those of the Wisconsin Overtime Class. Plaintiff, like other putative members of the Wisconsin Overtime Class, was subjected to Defendant's illegal pay policies and practices of excluding commissions and/or bonuses from the regular rate of pay when calculating overtime wages for hours worked in excess of 40 in a workweek.

21. Plaintiff will fairly and adequately protect the interests of the putative Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant and where individual plaintiffs may have relatively small claims.

23. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Overtime Class wages for work performed to which they are entitled. The damages suffered by the individual members of these classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, combining all members subject to Defendant's uniform illegal policies in a single suit best serves the interests of judicial efficiency. Finally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

24. Plaintiff intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Fed. R. Civ. P. 23.

### FIRST CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME COMPENSATION
### IN VIOLATION OF THE FLSA

25. Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

26. Plaintiff and the members of the Collective Class are or have been employees of Quincy Bioscience Holding Company, Inc., within the meaning of 29 U.S.C. § 203(e).

27. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek.

28. Per 29 C.F.R. § 778.117, commissions are payments for hours worked and must be included in the regular rate.

29. During the applicable statute of limitations, Plaintiff and the members of the Collective Class performed work in excess of 40 hours in a workweek but were not paid one and one-half times their regular rate of pay for all overtime hours worked because Defendant failed to include commission and/or bonus payments when calculating the regular rate of pay.

30. These practices violate the FLSA, including but not limited to 29 U.S.C. § 207.

31. Because of these violations, Plaintiff and the members of the Collective Class have suffered a wage loss.

32. Upon information and belief, Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the members of the Collective Class overtime wage compensation in violation of the FLSA.

### SECOND CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF WISCONSIN LAW

33. Plaintiff, individually and on behalf of the Wisconsin Overtime Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

34. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

35. At all relevant times, Quincy Bioscience Holding Company, Inc., has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.001 and Wis. Stat. § 109.01(2).

36. At all relevant times, Plaintiff and the members of the putative Wisconsin Overtime Class are or have been employees of Defendant within the meaning of Wis. Stat. § 103.001(5) and Wis. Stat. § 109.01(1r).

37. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation at one and one-half times the regular rate of pay to all non-exempt employees for hours worked in excess of 40 in a workweek.

38. During the applicable statute of limitations, Defendant had a policy and practice of failing to pay overtime wages at one and one-half times the regular rate of

pay to Plaintiff and the members of the Wisconsin Overtime Class for all hours worked in excess of 40 in a workweek by failing to include earned commissions and/or bonuses in calculating the regular rate.

39. As a result of Defendant's failure to pay all overtime wages earned and due to Plaintiff and the members of the putative Wisconsin Overtime Class, Defendant has violated, and continues to violate, Wis. Stat. § 103.02, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

40. Upon information and belief, Defendant's failure to pay Plaintiff and the members of the putative Wisconsin Overtime Class all earned overtime wages was dilatory and unjust.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and on behalf of all members of the Collective Class and the Wisconsin Overtime Class, requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Jeremy Gusloff as the Named Plaintiff and the representative of the Wisconsin Overtime Class;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Defendant violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. An order finding that these violations were dilatory and unjust;

H. Judgment against Defendant in the amount equal to the Named Plaintiff's and the Collective Class's and Wisconsin Overtime Class's unpaid back wages;

I. An award in the amount of all liquidated damages and penalties as provided under 29 U.S.C. § 216(b) and Wis. Stat. § 109.11;

J. An award of reasonable attorney's fees and costs under 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6);

K. Such further relief as the Court deems just and equitable.

Dated this 19th day of October, 2021.

**HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff*

By: /s/David C. Zoeller
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Aaron J. Bibb, State Bar No. 1104662
Email: abibb@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236