IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEREMY GUSLOFF,

    Plaintiff,

v.                                            Case No. 21-cv-662

QUINCY BIOSCIENCE HOLDING COMPANY, INC.

    Defendant.

## ANSWER TO COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Defendant, Quincy Bioscience Holding Company, Inc. ("Quincy Bioscience"), by and through its attorneys, Lindner & Marsack, S.C., and as for its Answer in response to the Complaint of Plaintiff, Jeremy Gusloff ("Plaintiff" or "Gusloff"), states as follows:

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Individual and Representative Plaintiff, Jeremy Gusloff ("Plaintiff'), on his own behalf and on behalf of the proposed classes identified below. Plaintiff and the putative class members, during the three years preceding this lawsuit, were employed as sales representatives by Defendant, Quincy Bioscience Holding Company, Inc. In this role, Plaintiff and the putative class members made sales over the phone. Plaintiff and the putative class members were paid an hourly wage and were also eligible for nondiscretionary commissions and bonuses based on their sales. Plaintiff and the putative class members were paid overtime wages when they worked in excess of 40 hours in a workweek. However, Defendant failed to properly calculate the regular rate of pay when determining overtime wages. Specifically, Defendant failed to include commission payments in its computation of the regular rate for overtime pay to Plaintiff and the putative class members. As a result, Plaintiff and the putative class members were regularly denied earned overtime wages. Plaintiff, on behalf of himself and the putative classes, alleges that this conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§ 201 *et seq.* and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109.01 *et seq.*

**ANSWER:** Quincy Bioscience admits that the action is purportedly a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C.§ 201 *et seq.*, and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109.01

1

*et seq.* Quincy Bioscience admits that Gusloff was employed as a sales representative by Quincy Bioscience and that in this role Plaintiff made sales over the phone. Quincy Bioscience further admits that Plaintiff was paid an hourly wage and commissions and was paid overtime wages when he worked in excess of 40 hours in a workweek. Quincy Bioscience denies any allegation or inference that any of the aforementioned provisions of the aforesaid laws were violated by Quincy Bioscience and it further denies all remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

**2.     The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FLSA, 29 U.S.C. § 201 *et seq.* The Court has supplemental jurisdiction over Plaintiffs state-law claims pursuant to 28 U.S.C. § 1367.**

**ANSWER**: Quincy Bioscience admits that this action is purportedly based on federal statutes, but avers that it is unable to confer jurisdiction by admission, and therefore, denies the allegations in Paragraph 2 of the Complaint. Quincy Bioscience denies any allegation or inference that any of the aforementioned provisions of the FLSA or state law were violated by Quincy Bioscience.

**3.     Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant resides in this district and because a substantial part of the events or omissions giving rise to Plaintiffs claims occurred in this district.**

**ANSWER**: Quincy Bioscience admits that the events alleged in the Complaint are alleged to have taken place in this District; however, Quincy Bioscience denies such allegations to the extent they are further alleged herein. Quincy Bioscience admits that it does business in this District. Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and therefore denies same.

## PARTIES

**4.     Plaintiff, Jeremy Gusloff, is an adult resident of Ridgeway, Wisconsin. Gusloff was employed as a sales representative by Defendant within the past three years. Gusloff's signed consent form is filed as Exhibit A to this Complaint and is incorporated**

**herein by reference.**

**ANSWER:** Quincy Bioscience admits that Gusloff was employed as a sales representative by Defendant within the past three years, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint and therefore denies same.

**5. Defendant, Quincy Bioscience Holding Company, Inc., is a domestic business corporation. Its principal office address is located at 726 Heartland Trail, Suite 300, Madison, Wisconsin. Its registered agent for service is Anthony J. Cords at 726 Heartland Trail, Suite 300, Madison, Wisconsin.**

**ANSWER:** Quincy Bioscience admits the allegations in Paragraph 5 of the Complaint.

**6. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(l). Defendant is an employer within the meaning of 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).**

**ANSWER:** Quincy Bioscience avers that whether Defendant is an enterprise engaged in commerce the within meaning of 29 U.S.C. 203(s)(l), or an employer within the meaning of 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2) is a legal conclusion for which no response is required. To the extent a response is required, Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and therefore denies same.

## FACTUAL ALLEGATIONS

**7. Throughout the three years preceding the filing of this lawsuit, Plaintiff and the putative class members (the "Sales Representatives") are or were employed by Defendant as sales representatives.**

**ANSWER:** Quincy Bioscience admits that during the three years preceding the filing of this lawsuit, Plaintiff and the purported putative class members are or were employed by Defendant as sales representatives, but denies that Plaintiff or the purported putative class members were employed by Defendant throughout the entire three years preceding the filing of this lawsuit and denies that the purported putative class is appropriate under the law.

**8. Throughout the three-year period preceding the filing of this lawsuit, Plaintiff and the Sales Representatives were classified by Defendant as non-exempt from**

**overtime wages.**

**ANSWER:** Quincy Bioscience admits that during the three years preceding the filing of this lawsuit, Plaintiff and the purported putative class members were classified as non-exempt from overtime wages, but denies that Plaintiff or the purported putative class members were employed and/or classified as non-exempt by Defendant throughout the entire three years preceding the filing of this lawsuit and denies that the purported putative class is appropriate under the law.

**9.     Throughout the three-year period preceding the filing of this lawsuit, Plaintiff and the Sales Representatives were paid an hourly wage for their work.**

**ANSWER:** Quincy Bioscience admits that during the three years preceding the filing of this lawsuit, Plaintiff and the purported putative class members were paid an hourly wage, but denies that Plaintiff or the purported putative class members were employed and/or were paid an hourly wage throughout the entire three years preceding the filing of this lawsuit and denies that the purported putative class is appropriate under the law.

**10.    Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the Sales Representatives were eligible to earn commissions and bonuses.**

**ANSWER:**   Quincy Bioscience admits that during the three years preceding the filing of this lawsuit, Plaintiff and the purported putative class members were eligible to earn commissions and bonuses, but denies that Plaintiff or the purported putative class members were employed and/or were eligible to earn commissions and bonuses throughout the entire three years preceding the filing of this lawsuit and denies that the purported putative class is appropriate under the law.

**11.    Defendant calculated the amounts of these commissions and bonuses based on Plaintiff's and the Sales Representatives' sales using standard formulas that Defendant made known to Plaintiff and the Sales Representatives**

**ANSWER:**    Quincy Bioscience admits Defendant calculated the amounts of commissions based on Plaintiff's and the purported putative class members' sales using a

formula, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore denies same.

**12.   Defendant promised in advance to pay these commissions and bonuses to Plaintiff and the Sales Representatives as an incentive to increase their sales.**

**ANSWER**:  Quincy Bioscience denies the allegations in Paragraph 12 of the Complaint.

**13.   Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the Sales Representatives were paid overtime wages when they worked in excess of 40 hours in a workweek.**

**ANSWER**:  Quincy Bioscience admits the allegations in Paragraph 13 of the Complaint.

**14.   Upon information and belief, Defendant failed to include commissions or bonuses earned by Plaintiff and the Sales Representatives when calculating the overtime premium due for hours worked in excess of 40 in a workweek, instead calculating the overtime rate as one and one-half times the hourly rate of pay and depriving Plaintiff and the Sales Representatives of all earned overtime wages.**

**ANSWER**:  Quincy Bioscience denies the allegations in Paragraph 14 of the Complaint.

**15.   Plaintiff brings this action on behalf of himself and on behalf of all other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The Collective Class of similarly-situated employees is defined as:**

> **All persons who have been or are currently employed by Quincy Bioscience Holding Company, Inc., as sales representatives in the United States who received commission or bonus payments and who worked more than 40 hours per workweek at any time from three years prior to the commencement of this action to the present and ongoing.**

**ANSWER**:   Quincy Bioscience admits Plaintiff purports to bring this action on behalf of himself and on behalf of the class identified, but denies that the purported class is appropriate under the law and denies the remaining allegations set forth in Paragraph 15 of the Complaint.

**16.   Plaintiff brings this action on behalf of himself and on behalf of all other similarly-situated employees pursuant to Fed. R. Civ. P. 23. The Wisconsin Overtime Class is defined as:**

> **All persons who have been or are currently employed by Quincy Bioscience Holding Company, Inc., as sales representatives in Wisconsin who received commission or bonus payments and who worked more than 40 hours per workweek at any time from two years prior to the commencement of this action  to the present and ongoing.**

**ANSWER**:  Quincy Bioscience admits Plaintiff purports to bring this action on behalf of himself and on behalf of the class identified, but denies that the purported class is appropriate under the law and denies the remaining allegations set forth in Paragraph 16 of the Complaint.

## CLASS ALLEGATIONS

17.   Plaintiff brings the Second Claim for Relief on his own behalf and on behalf of the Wisconsin Overtime Class, as defined in paragraph 14, *supra,* pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure

**ANSWER**:  Quincy Bioscience admits Plaintiff purports to bring the Second Claim for Relief on his own behalf and on behalf of the class identified in Paragraph 14 of the Complaint, but denies that the purported class in Paragraph 14 of the Complaint is appropriate under the law and denies the remaining allegations set forth in Paragraph 17 of the Complaint

18.   The persons in the Wisconsin Overtime Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 Sales Representatives within the two years preceding the filing of this Complaint.

**ANSWER**: Quincy Bioscience denies the allegations in Paragraph 18 of the Complaint.

19.   There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and predominate over any questions solely affecting individual members of the class, including but not limited to:

   a.   Whether Defendant excluded commissions and/or bonus payments when calculating the regular rate of pay for Plaintiff and the members of the putative class;

   b.   Whether Defendant's exclusion of commission and/or bonus payments when calculating the regular rate of pay for Plaintiff and the members of the putative class was dilatory or otherwise unjust; and

   c.   The proper measure of damages sustained by Plaintiff and the members of the putative class.

**ANSWER**:  Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and in subsections 19(a), 19(b) and 19(c) of the Complaint and therefore denies the allegations in Paragraph 19 and in subsections 19(a), 19(b), and 19(c) of the Complaint.

**20.** Plaintiff's claims are typical of those of the Wisconsin Overtime Class. Plaintiff, like other putative members of the Wisconsin Overtime Class, was subjected to Defendant's illegal pay policies and practices of excluding commissions and/or bonuses from the regular rate of pay when calculating overtime wages for hours worked in excess of 40 in a workweek.

**ANSWER**: Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's claims are typical of those of the Wisconsin Overtime Class and therefore denies same. Quincy Bioscience denies the remaining allegations in Paragraph 20 of the Complaint.

**21.** Plaintiff will fairly and adequately protect the interests of the putative Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

**ANSWER**: Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies same.

**22.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant and where individual plaintiffs may have relatively small claims.

**ANSWER**: Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies same.

**23.** Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Overtime Class wages for work performed to which they are entitled. The damages suffered by the individual members of these classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, combining all members subject to Defendant's uniform illegal policies in a single suit best serves the interests of judicial efficiency. Finally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

**ANSWER**: Quincy Bioscience denies the allegations in Paragraph 23 of the Complaint.

**24.** Plaintiff intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Fed. R. Civ. P. 23.

**ANSWER**: Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore denies same.

## FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime Compensation
### In Violation of the FLSA

**25.** Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER**: Quincy Bioscience incorporates its answers and averments contained in Paragraphs 1 through 24 above as though fully set forth herein.

**26.** Plaintiff and the members of the Collective Class are or have been employees of Quincy Bioscience Holding Company, Inc., within the meaning of 29 U.S.C. § 203(e).

**ANSWER**: Quincy Bioscience avers that whether Plaintiff and the members of the Collective Class are or have been employees of Quincy Bioscience Holding Company, Inc., within the meaning of 29 U.S.C. § 203(e) is a legal conclusion for which no response is required. To the extent a response is required, Quincy Bioscience denies the allegations in Paragraph 26 of the Complaint.

**27.** The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek.

**ANSWER**: Quincy Bioscience avers that Paragraph 27 asserts a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies same.

**28.** Per 29 C.F.R. § 778.117, commissions are payments for hours worked and must be included in the regular rate.

**ANSWER**: Quincy Bioscience avers that Paragraph 28 asserts a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies same.

**29.** During the applicable statute of limitations, Plaintiff and the members of the Collective Class performed work in excess of 40 hours in a workweek but were not paid one and one-half times their regular rate of pay for all overtime hours worked because Defendant failed to include commission and/or bonus payments when calculating the regular rate of pay.

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 29 of the Complaint.

**30.** These practices violate the FLSA, including but not limited to 29 U.S.C. § 207.

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 30 of the Complaint.

**31.** Because of these violations, Plaintiff and the members of the Collective Class have suffered a wage loss.

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 31 of the Complaint.

**32.** Upon information and belief, Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the members of the Collective Class overtime wage compensation in violation of the FLSA.

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 32 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Failure to Pay Overtime Wages**
**in Violation of Wisconsin Law**

**33.** Plaintiff, individually and on behalf of the Wisconsin Overtime Class, realleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER:** Quincy Bioscience incorporates its answers and averments contained in Paragraphs 1 through 32 above as though fully set forth herein.

**34.** The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 34 of the Complaint.

**35.** At all relevant times, **Quincy Bioscience Holding Company, Inc.**, has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.001 and Wis. Stat. § 109.01(2).

**ANSWER:** Quincy Bioscience avers that whether Quincy Bioscience Holding Company, Inc., has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.001 and Wis. Stat. § 109.01(2) is a legal conclusion for which no response is required. To the extent a response is required, Quincy Bioscience lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies same.

**36. At all relevant times, Plaintiff and the members of the putative Wisconsin Overtime Class are or have been employees of Defendant within the meaning of Wis. Stat. § 103.001(5) and Wis. Stat. § 109.0H(1r).**

**ANSWER:** Quincy Bioscience avers that whether Plaintiff and the members of the putative Wisconsin Overtime Class are or have been employees of Defendant within the meaning of Wis. Stat. § 103.001(5) and Wis. Stat. § 109.0H(1r) is a legal conclusion for which no response is required. To the extent a response is required, Quincy Bioscience lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies same.

**37. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation at one and one-half times the regular rate of pay to all non-exempt employees for hours worked in excess of 40 in a workweek.**

**ANSWER:** Quincy Bioscience avers that Paragraph 37 asserts a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies same.

**38. During the applicable statute of limitations, Defendant had a policy and practice of failing to pay overtime wages at one and one-half times the regular rate of pay to Plaintiff and the members of the Wisconsin Overtime Class for all hours worked in excess of 40 in a workweek by failing to include earned commissions and/or bonuses in calculating the regular rate.**

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 38 of the Complaint.

**39. As a result of Defendant's failure to pay all overtime wages earned and due to Plaintiff and the members of the putative Wisconsin Overtime Class, Defendant has violated, and continues to violate, Wis. Stat. § 103.02, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.**

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 39 of the Complaint.

**40. Upon information and belief, Defendant's failure to pay Plaintiff and the members of the putative Wisconsin Overtime Class all earned overtime wages was dilatory and unjust.**

**ANSWER:** Quincy Bioscience denies the allegations in Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without undertaking a burden of proof except where strictly required by law, Defendant, Quincy Bioscience Holding Company, Inc. states the following affirmative and other defenses.

1. Plaintiff's claims brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against Defendant.

2. Plaintiff's claims brought on behalf of himself and the putative members of the purported class as set forth in the Complaint requires individualized determinations for each putative member of the purported class, thereby precluding class-wide resolution.

3. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported classes as set forth in the Complaint, cannot and should not be maintained on a class-action or representative action because: those claims fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and/or adequacy of the class representative; lack of a community of interest among the putative class; and/or because class certification is inappropriate due to Defendant's lawful policies.

4. Plaintiff's claims brought on behalf of himself and the putative members of the purported classes as set forth in the Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

5. Plaintiff's claims brought on behalf of himself and the putative members of the purported classes as set forth in the Complaint, are barred, in whole or in part, by the FLSA's two-year statute of limitations and/or because Defendant did not willfully fail to comply with the FLSA and/or applicable state wage and hour laws, and the longer three-year statute of limitations does not apply.

6. Defendant at all times acted in good faith and with reasonable grounds for believing that it had not violated Wisconsin or federal law.

7. The Complaint fails to state a claim against Defendant upon which attorney's fees and/or costs can be awarded.

8. Plaintiff's claims, alleged damages and alleged uncompensated time asserted on behalf of himself and the putative members of the purported classes as set forth in the Complaint, are in whole or in part *de minimis*.

9. The putative members of the purported class as set forth in the Complaint and Plaintiff's claims for damages should be barred, reduced or offset by payments made by Defendant for which Plaintiff and the putative members of the purported classes received pay from Defendant which they did not earn.

10. The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and/or the putative class members have already received full payment of any alleged unpaid wages for disputed work performed, rendering the Plaintiff's claims, including those of the purported class members, moot as a matter of law.

11. Defendant reserves the right to assert additional affirmative defenses that may be discovered during the course of this action and may voluntarily withdraw any affirmative defense asserted.

## CONCLUSION

**WHEREFORE**, Defendant Quincy Bioscience Holding Company, Inc. respectfully requests that the Court:

A. Dismiss all Claims against Quincy Bioscience Holding Company, Inc. with prejudice, in their entirety;

B. Dismiss the Complaint with prejudice, in its entirety;

C. Order that judgment be entered in Defendant's favor; and

D.      Award Defendant such other relief that justice so requires.

Dated this 10th day of December, 2021.

**LINDNER & MARSACK, S.C.,**
**Attorneys for Quincy Bioscience Holding Company, Inc.**

*/s/ Sally A. Piefer*

Sally A. Piefer
Wisconsin Bar No. 1023257
Samantha J. Wood
Wisconsin Bar No. 1091367

**LINDNER & MARSACK, S.C.**
411 E. Wisconsin Ave., Suite 1800
Milwaukee, WI 53202-4498
Direct: 414-226-4818
Phone: 414-273-3910
Facsimile: 414-298-9873
spiefer@lindner-marsack.com
swood@lindner-marsack.com