IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**JEREMY GUSLOFF**,

    Plaintiff,

v.

Case No.: 21-cv-662-wmc

**QUINCY BIOSCIENCE HOLDING COMPANY, INC.**,

    Defendant.

**RULE 26(f) JOINT PRETRIAL REPORT**

The parties, by counsel and pursuant to Federal Rule of Civil Procedure 26(f), submit the following joint pretrial report following a telephone conference on December 21, 2021 in which the parties discussed the matters set forth in Rule 26(f). Both parties have had the opportunity to review and consent to the filing of this report.

1.     **Nature of the case**. This is an alleged class and collective action lawsuit brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109.01 *et seq.* Plaintiff Jeremy Gusloff alleges he worked as an overtime-eligible sales representative for defendant Quincy Bioscience Holding Company, Inc. Gusloff seeks to represent a class and collective of current and former Quincy sales representatives. He contends that Quincy failed to properly calculate the regular rate of pay when calculating sales representatives' overtime rates by failing to

include their commission payments in its calculations. In its answer, Quincy denies that it erred in its calculation of sales representatives' overtime rates and raises several affirmative defenses, maintaining that neither Gusloff nor the other sales representatives are entitled to relief.

2. **Jurisdiction and venue.** The parties anticipate no motions regarding either subject-matter jurisdiction or venue.

3. **Related cases.** There are no related cases.

4. **Material issues to be resolved.** The parties agree that the following issues, among others, exist: (1) whether Gusloff can establish the requirements to proceed as a collective and/or class action lawsuit; (2) whether liability exists under the FLSA and/or Wisconsin wage and hour laws; (3) the extent of Gusloff's and the putative class members' damages, if any; and (4) whether Quincy's conduct was willful.

5. **Simplification of issues.** The parties will cooperate to simplify issues where appropriate.

6. **Admissions and stipulations.** The parties will cooperate to make appropriate stipulations regarding the authenticity of documents to avoid unnecessary proof.

7. **Advance rulings.** The parties will attempt to bring to the court's attention at the earliest possible time any issues relating to admissibility of evidence on which an advance ruling would be helpful.

8. **Limitation of testimony under Rule 702.** The parties are not aware at this time of the need to limit the use of testimony under Federal Rule of Evidence 702.

9. **Additional parties.** Gusloff will file the consent forms of additional party plaintiffs as he becomes aware of these individuals and anticipates sending notice of this lawsuit to all other similarly-situated individuals if the proposed class is certified. Quincy does not presently anticipate adding any new parties to this matter.

10. **Amendments to the pleadings.** The parties request a deadline of January 28, 2022, to amend their pleadings without leave of court.

11. **Pending or contemplated motions.** Gusloff plans to move for conditional class certification of his FLSA claims and Fed. R. Civ. P. 23 class certification of his state-law claims. Quincy plans to oppose certification of this lawsuit as a collective or class action. Both parties will likely file motions for summary judgment on the merits of the claims.

12. **Length of trial.** The parties' best estimate is that the trial in this matter may take four days, including liability and damages.

13. **Settlement discussions.** The parties anticipate attempting to resolve this matter through settlement.

14. **Initial disclosures.** The parties will exchange initial disclosures by January 21, 2022.

15. **Electronic service.** The parties agree that documents filed through the court's ECF system are served by ECF notification. The parties also consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission and shall be considered the same as personal service, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

16. **Discovery requests in electronic format.** The parties agree that copies of all written discovery requests and proposed findings of fact shall be provided and/or served electronically in a format editable by the other party (such as Word format), and that copies of all proposed findings of fact as required by the court's standing order regarding summary-judgment motions shall be served electronically in a similar editable format.

17. **Witnesses and exhibits.** The parties agree that disclosure of all witnesses and exhibits for trial shall be completed in accordance with the Federal Rules of Civil Procedure unless otherwise ordered by the court.

18. **Expert witnesses.** The parties do not anticipate at this time using experts for class-certification purposes. The parties ask the court to set deadlines for the disclosure of liability and damages experts in accordance with the proposed schedule.

19. **Electronically stored information.** The parties agree to produce documents in accordance with Fed. R. Civ. P. 34(b)(2)(E). The parties will take all reasonably necessary steps to preserve ESI from alteration or destruction.

20. **Trial and final pretrial dates.** The parties believe that this matter will be ready for trial on or after March 1, 2023. The parties request that the final pretrial conference be scheduled in accord with the court's regular practices.

## Proposed Case Schedule

| | |
|---|---|
| January 21, 2022 | Initial disclosures due |
| January 28, 2022 | Deadline to file amendments without leave of court |
| March 18, 2022 | Motion for conditional certification due (30/14 briefing schedule) |
| April 22, 2022 | Plaintiff's liability expert witness disclosures due |
| July 15, 2022 | Defendant's liability expert witness disclosures due |
| August 5, 2022 | Rule 23 certification / decertification motions due |
| September 9, 2022 | Plaintiff's damages expert witness disclosures due |
| October 14, 2022 | Defendant's damages expert witness disclosures due |
| October 28, 2022 | Dispositive motions due (30/14 briefing schedule) |
| January 6, 2023 | Settlement letters due |
| January 6, 2023 | Close of discovery |
| TBD based on Trial Date | 26(a)(3) disclosures and all motions in limine due |
| TBD based on Trial Date | Objections to 26(a)(3) disclosures and motions in limine due |
| Week of February 27 or March 6, 2023 | Final pretrial conference |
| After March 1, 2023 | Trial |

Respectfully submitted this 21st day of December, 2021.

        Attorneys for the Plaintiff:

        By: */s/ David C. Zoeller*
        **HAWKS QUINDEL, S.C.**
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Aaron J. Bibb, State Bar No. 1104662
        Email: abibb@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236


        Attorneys for the Defendant:

        By: */s/ Sally A. Piefer*

        **LINDNER & MARSACK, S.C.**
        Sally A. Piefer, State Bar No. 1023257
        Email: spiefer@lindner-marsack.com
        Samantha J. Wood, State Bar No. 1091367
        Email: swood@lindner-marsack.com
        411 E. Wisconsin Ave., Suite 1800
        Milwaukee, WI 53202
        Phone: (414) 273-3910 (General)
        Phone: (414) 226-4818 (S. Piefer Direct)
        Facsimile: (414) 297-9873