IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**JEREMY GUSLOFF**,
individually and on behalf of
all those similarly situated,

          Plaintiff,

v.

**QUINCY BIOSCIENCE HOLDING COMPANY, INC.**,

          Defendant.

Case No. 21-cv-662

**DECLARATION OF DAVID C. ZOELLER IN SUPPORT OF JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

I, David C. Zoeller, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1. I am an attorney with the law firm of Hawks Quindel, S.C., and I represent Plaintiff Jeremy Gusloff and opt-in plaintiffs Drew Haack and Cole Jordan in this matter.

2. Defendant Quincy Bioscience Holding Company, Inc. is a research-based biotechnology company operating in the state of Wisconsin.

3. After this lawsuit was filed, the parties agreed to explore whether it would be possible to resolve the matter without further litigation.

4. Quincy Bioscience conducted a wage audit of its own volition, without any prompting from Plaintiff's counsel.

5. After Quincy Bioscience made payments to the members of the putative FLSA collective and putative class in this lawsuit, counsel for the parties engaged in arm's length, good-faith settlement negotiations on behalf of their clients in light of the disputed issues remaining to be resolved, the expense of continued litigation, and the inherent risks of litigation.

6. The parties agreed that in addition to what Quincy Bioscience had already paid Plaintiff and the two opt-in plaintiffs under its wage audit, Quincy would pay an additional $5,000 to Plaintiff and an additional $4,250 to each opt-in plaintiff, to be divided between liquidated damages and payment for a global release of claims based on each person's audited wages.

7. As a result of the parties' negotiations, the parties reached a proposed settlement agreement.

8. Plaintiff's counsel accepted this case on a contingent fee basis and bore the risk of nonrecovery if the case did not lead to a successful resolution.

9. To date, Plaintiff's counsel has incurred $447.00 in actual costs in litigating this matter. This includes a $402.00 filing fee and $45.00 in service costs.

10. To date, I have performed 3.7 billable hours of work on this case. I have focused my practice on wage and hour collective and class actions for more than a decade and have served as class counsel on numerous wage and hour class and collective actions in this Court and others. My hourly billable rate for 2021 was $500. My fees total $1,850.00.

11. Attorney Aaron J. Bibb is an associate with Hawks Quindel, S.C. who works in the area of wage and hour litigation, among others. Before joining this firm, he was a law clerk for the Honorable James D. Peterson in the United States District Court for the Western District of Wisconsin. To date, he has performed 37.4 billable hours of work on this case. His hourly billable rate for 2021 was $250. His fees total $9,350.

12. Attorney Caitlin M. Madden was an associate with Hawks Quindel, S.C. for more than 10 years. Attorney Madden specialized in wage and hour class and collective claims, including successfully arguing two cases before the Court of Appeals for the Seventh Circuit, before joining the Wisconsin Department of Workforce Development as Deputy Legal Counsel in 2021. She performed 1.4 billable hours of work on this case. Her hourly billable rate for 2021 was $325. Her fees total $455.00.

13. Attorney Connor J. Clegg was a law clerk with Hawks Quindel, S.C. before he was hired as a law clerk by the Honorable Lynn S. Adelman in the United States District Court for the Eastern District of Wisconsin. He performed 2.9 billable hours of work on this case. His hourly billable rate for 2021 was $100. His fees total $290.00.

14. The fees and costs incurred by Plaintiff total $12,392.00.

15. Plaintiff's counsel has agreed to seek an award of fees and costs totaling $7,000.00.

16. A copy of the proposed settlement agreement is attached to this declaration as **Exhibit A**.

17. A table detailing the work performed by Plaintiff's counsel is attached to this declaration as **Exhibit B**.

Dated this 8th day of March, 2022.

                                                /s/David C. Zoeller  
                                                David C. Zoeller