IN THE UNITED STATES DISRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JEREMY GUSLOFF,

      Plaintiff,

  v.                                                          Case No.  21-cv-662-wmc

QUINCY BIOSCIENCE HOLDING COMPANY, INC.

      Defendant.

_____

## DECLARATION OF SALLY A. PIEFER
_____

      1.      I am over the age of 18 and am mentally competent to make this Declaration. If called upon to testify I can and will testify to the following, competently and under penalty of perjury. I make this Declaration in support of the parties' Joint Motion for Court Approval of Settlement Agreement and Dismissal with Prejudice (the "Joint Motion") in the above-captioned case.

      2.      I am an attorney licensed to practice law in the State of Wisconsin and before the United States District Courts for the Eastern and Western Districts of Wisconsin. I am a shareholder and member of the Board of Directors at Lindner & Marsack, S.C., and I am one of the attorneys representing Defendant, Quincy Bioscience Holding Company, Inc. ("Quincy Bioscience"), in the above-captioned matter.

      3.      After Mr. Gusloff filed his complaint, but before the parties had reached an agreement on terms of settlement, Quincy Bioscience conducted an internal audit of the wages it had paid the members of the putative collective and putative class. Quincy Bioscience determined whether any putative collective and putative class members were entitled to any additional compensation. Each employee's regular rate of pay was determined by adding commissions earned by the employee during a particular week, if any, to the employee's hourly wages earned

during that week, and then dividing the total wages earned by the total hours worked. The regular rate of pay was multiplied by 50% to determine the overtime premium, if any, for each hour worked in excess of 40 during that week. The total hours worked in excess of 40 during a particular week, if any, were multiplied by the applicable overtime premium to determine the overtime wages due, if any, for the week. After conducting this audit, Quincy Bioscience made payments to members of the putative collective and putative class, including Mr. Gusloff and the two Opt-In Plaintiffs (collectively "Plaintiffs") as described in Section 3 of the proposed Settlement Agreement.

4. After Quincy Bioscience made these payments, counsel engaged in arm's-length, good-faith settlement negotiations on behalf of their clients in light of the disputed issues remaining to be resolved, the expense of continued litigation, and the inherent risks of litigation. The parties agreed that in addition to what Quincy Bioscience had already paid Plaintiffs under its wage audit, Quincy Bioscience would make additional payments to Plaintiffs which would be allocated to liquidated damages and payment for a global release of claims.

5. In all, each of the Plaintiffs will receive more than the full value of his alleged total potential damages if he were to prevail on all issues at trial, including a finding of willfulness that would extend the statute of limitations to the third year, and including an award for the maximum amount of liquidated damages.

6. Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the statements in this Declaration are true and correct and based upon my personal knowledge.

Dated:  March 3, 2022

/s/ *Sally A. Piefer*
Sally A. Piefer