IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY GUSLOFF,

                Plaintiff,                OPINION AND ORDER

    v.

                                        21-cv-662-wmc

QUINCY BIOSCIENCE HOLDING COMPANY,

                Defendant.

---

On behalf of himself and similarly situated employees, plaintiff Jeremy Gusloff filed this lawsuit against his employer defendant Quincy Bioscience Holding Company, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and violations of the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109.01 *et seq.*, based on defendant's alleged failure to pay overtime for hours worked over 40 hours per week. (Compl. (dkt. #1).) After filing the lawsuit, two other employees, Drew Haack and Cole Jordan, submitted consent forms, opting into the FLSA collective action. (Dkt. ##11, 12.) Before the court is the parties' joint motion to approve their settlement of the FLSA claims as to these three individuals, which the court will refer to collectively as "the plaintiffs." (Dkt. #17.) For the reasons that follow, the court will grant the motion, finding that the settlement was a reasonable compromise.

The FLSA bars settlements that "establish sub-minimum wages." *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transaction about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability

to settle disputes would allow them to establish sub-minimum wages."). In approving a settlement, the court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

The parties explain that after plaintiff Gusloff filed the present lawsuit, defendant conducted an internal audit of the wages that it had paid its employees, who are members of the putative class and collective actions in this lawsuit. (Piefer Decl. (dkt. #20) ¶ 3.) As a result of the audit, defendant included commissions in calculating its employees' regular rates of pay, then calculated the overtime premium based on those amounts, and made payments to its employees, including the plaintiffs, largely mooting the legal challenge. (*Id.*)

As a result of these payments, the parties engaged in arm's length, good-faith settlement negotiations, and settled on an agreement that (1) provides additional payments to the three plaintiffs, part of which represents liquidated damages and an additional amount to compensate them for a global release of their employment-related claims, including any state law claims, and (2) pays plaintiffs' counsel $7,000 in fees and costs. Including the amount plaintiffs received as a result of the audit, Gusloff will receive $8,500; Drew Hack will receive $6,633.18; and Cole Jordan will receive $4,538,45. (Zoeller Decl., Ex. A (Settlement Agreement) (dkt. #19-1) 4.) These payments "represent full payment of any wages and liquidated damages that could have been claimed through

this Lawsuit, plus an additional amount to secure a full release of claims." (*Id.*) The court agrees with the parties that this settlement of the three plaintiffs' claims is a fair and reasonable resolution of the parties' bona fide dispute under the FLSA.

Plaintiffs' counsel also submitted records, showing that attorneys spent 45.40 hour on this case, representing $11,945.00 in fees, assuming hourly rates of $100 to $325, with the bulk of the time billed out at $250 per hour. (*Id.*, Ex. B (dkt. #19-2).) As a result of these records, the court further concludes that the agreed-upon fee request of $7,000, especially in light of the significant awards to the three named plaintiffs, is fair and reasonable.

## ORDER

Accordingly, IT IS ORDERED that

1) The parties' joint motion to approve settlement agreement (dkt. #17) is GRANTED.

2) Counsel for plaintiff Jeremy Gusloff is AWARDED $7,000 in attorneys' fees and costs.

3) The lawsuit is DISMISED WITH PREJUDICE AND WITHOUT ADDITIONAL COSTS.

Entered this 8th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge